**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ADVANCED SPORTS GROUP, LLC<br><br>Plaintiff,<br><br>v.<br><br>ADVANCED SPORTS SURFACES, LLC and THOMAS ROACH,<br><br>Defendants. | Case No. ______________________ |

**COMPLAINT**

Advanced Sports Group, LLC ("ASG"), files this Complaint against Advanced Sports Surfaces, LLC ("ASS") and Thomas Roach (together, "Defendants"), stating as follows:

1. ASG constructs sports facilities and grades, constructs, repairs, installs, and maintains synthetically covered athletic fields throughout the Southeastern United States.

2. ASG has been providing its services for nearly a decade in association with its trademark ADVANCED SPORTS GROUP.

3. Defendant ASS is an installer of synthetically covered athletic fields that provides such installation services under the name Advanced Sports Surfaces.

4. Defendant ASS's mark is a very close approximation of the ADVANCED SPORTS GROUP mark provided for the same services.

5. This is an action for injunctive relief and damages for trademark infringement and unfair competition under Section 43(a) of the Lanham Action, 15 U.S.C. § 1125(a), deceptive trade practices under O.C.G.A. § 10-1-370 *et seq*., and common law unfair competition.

**PARTIES, JURISDICTION, AND VENUE**

6. Plaintiff Advanced Sports Group, LLC is a Georgia limited liability company with a principal place of business in Woodstock, Cherokee County, Georgia.

7. Defendant Advanced Sports Surfaces, LLC is a Georgia limited liability company with a principal place of business in Kennesaw, Cobb County, Georgia.

8. Defendant Thomas Roach is an individual residing at 1038 McCready Drive, Dallas, Paulding County, Georgia 30157.

9. This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1367 (supplemental jurisdiction) because Plaintiff ASG has asserted claims that arise under federal law

and because the state law claims asserted herein arise out of the same transactions and occurrences as the federal law claims.

10. This Court has personal jurisdiction over Defendants because Defendants are residents of Georgia and because Defendants have transacted business in the State of Georgia and have committed violations of law within this State.

11. Venue is proper under 28 U.S.C. § 1391(b)(1) as all Defendants reside in this judicial district.

## FACTS

### A. Advanced Sports Group and its Trademark Rights

12. ASG constructs sports facilities and sports turf surfaces throughout the Southeastern United States, focusing on sports surfacing, including synthetic and natural turf fields.

13. In August 2018, ASG executed an asset purchase agreement ("APA") with Advanced Sports Construction, LLC ("ASC") whereby ASG purchased the assets of ASC.

14. Since 2013, ASC was in the business of designing, grading, and installing sports turf fields under the name Advanced Sports Construction.

15. Defendant Roach was the sole owner of ASC from 2013 to August 2018 and was a party to the APA.

16. Under the APA, ASG purchased, among other things, ASC's corporate name and any derivations or combinations thereof and ASC's goodwill.

17. The mark ADVANCED SPORTS GROUP is a close derivation or combination of ASC's corporate name, which ASG acquired pursuant to the APA, maintaining the distinctive portion of the ASC corporate name "Advanced Sports."

18. Since acquiring the mark in 2018, ASG has continuously and exclusively used the ADVANCED SPORTS GROUP mark in the business of designing, grading, repairing, maintaining, and installing athletic turf fields in the Southeastern United States.

19. As a result, ASG has developed substantial goodwill, recognition, and common law trademark rights in the ADVANCED SPORTS GROUP mark.

20. ASG, as the successor of ASC, has been using the distinctive phrase "Advanced Sports" continuously in U.S. commerce at least since 2013.

21. ASG's ADVANCED SPORTS GROUP mark is inherently distinctive to the consuming public and ASG's trade as it is at the very least suggestive.

22. ASG has expended substantial time, money, and resources marketing, advertising, and promoting its services sold under the ADVANCED SPORTS GROUP mark.

23. The services ASG offers under the ADVANCED SPORTS GROUP mark are of high quality and have been recognized as such throughout the industry.

24. As a result of ASG's expenditures and efforts, the ADVANCED SPORTS GROUP mark has come to signify the high quality of ASG's services, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to ASG.

**B. Defendants' Unlawful Adoption and Use of ASG's Trademark**

25. Defendant ASS constructs and installs athletic turf fields throughout the Southeastern United States.

26. Upon information and belief, Defendant Roach formed Defendant ASS in 2016 to provide grading and construction services for small recreational projects like playgrounds and training facilities.

27. When ASG, Advanced Sports Construction, and Defendant Roach entered into the APA, they contemporaneously executed certain ancillary documents, including a Restrictive Covenant with respect to Defendant Roach (the "Restrictive Covenant").

28. The terms of the Restrictive Covenant are expressly incorporated into the APA.

29. Under the Restrictive Covenant, ASG granted Defendant Roach and Defendant ASS permission to use the name "Advanced Sports Surfaces" in a very limited, secondary market for a limited amount of time post-closing.

30. Specifically, ASG allowed Defendant Roach and Defendant ASS to operate in the grading or constructing of playgrounds and synthetically covered training facilities of less than 20,000 square feet (the "Permitted Business").

31. The Permitted Business is a distinct and separate market from the commercial athletic field and facility market that ASG and ASC operated in.

32. Defendant Roach's and Defendant ASS's permission to use the name "Advanced Sports Surfaces" in the Permitted Business ended in 2023.

33. Upon information and belief, before their permission to use the name expired in 2023, Defendants began using the mark Advanced Sports Surfaces (the "Infringing Mark") in the marketplace outside of the Permitted Business.

34. After 2023, Defendants continued to use the Infringing Mark both in the Permitted Business and to perform larger scale projects in competition with ASG and in violation of ASG's trademark rights in its ADVANCED SPORTS GROUP name.

35. Upon information and belief, in 2024, Defendant Roach sold his interests in Defendant ASS to Jim Watts and Andrew Barksdale.

36. Defendant ASS, now under the control of Mr. Watts and Mr. Barksdale, continues to use the Infringing Mark in all aspects of the business of grading, construction, repair, installation, and maintenance of synthetically covered athletic fields.

37. Without ASG's authorization, Defendant Roach used and Defendant ASS continues to use the Infringing Mark in United States commerce in violation of ASG's trademark rights in its ADVANCED SPORTS GROUP name.

38. "Advanced Sports Surfaces," when used for similar services, is confusingly similar to ASG's ADVANCED SPORTS GROUP mark.

39. The Infringing Mark adopts the distinctive portion of the ADVANCED SPORTS GROUP mark "Advanced Sports" in its entirety.

40. Additionally, consumers would likely shorten Defendant ASS's name "Advanced Sports Surfaces" to "Advanced Sports" for ease of reference.

41. In fact, there has been actual confusion in the marketplace by customers. Since late 2025, customers, vendors, architects, and engineers have contacted ASG, confused about the relationship between ASG and ASS in the marketplace.

42. ASG has not authorized Defendants to use any aspect of the Infringing Mark outside of the limited permission granted to Defendants from 2018 to 2023 for use of the name solely with respect to Permitted Business.

43. Defendants do not have any other business affiliation with ASG that would allow them to use the Infringing Mark.

44. Upon learning of Defendants' use of a confusingly similar business name to the ADVANCED SPORTS GROUP mark, ASG approached Defendants in an attempt to prevent further confusion in the marketplace.

45. Defendants and ASG were unable to resolve this dispute.

46. Upon information and belief, Defendants have acted willfully and with the deliberate intent to trade on the goodwill of ASG's trademark rights, cause confusion and deception in the marketplace, and divert potential customers of ASG's services to Defendants.

47. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to ASG and to its valuable reputation and goodwill with the consuming public for which ASG has no adequate remedy at law.

## COUNT I

### Federal Trademark Infringement and Unfair Competition Under the Lanham Act – 15 U.S.C. § 1125(a)

48. The foregoing paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

49. The ADVANCED SPORTS GROUP mark is distinctive and operates to identify ASG as the source of its services.

50. Defendants' unauthorized use in commerce of the Infringing Mark in connection with the advertising, offering for sale, and sale of Defendants' services in United States commerce is likely to cause confusion, mistake, or deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to mistakenly believe that Defendants' services are sold, authorized, endorsed, or sponsored by ASG, or that Advanced Sports Surfaces is in some way affiliated with or sponsored by ASG.

51. In fact, Defendants' use in commerce of the Infringing Mark has caused actual confusion in the marketplace as to the origin, source, sponsorship, or affiliation of Defendants' services.

52. Defendants' unauthorized use in commerce of the Infringing Mark constitutes use of a false designation of origin and misleading description and representation of fact.

53. Upon information and belief, Defendants' conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with ASG.

54. Defendants' conduct constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

55. Defendants' use of the Infringing Mark as alleged is causing immediate and irreparable harm and injury to ASG, and to its goodwill and reputation, and will continue to both damage ASG and confuse the public unless enjoined by this court. ASG has no adequate remedy at law.

56. ASG is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II

### Deceptive Trade Practices Under Georgia Law
### (Violation of O.C.G.A. § 10-1-370 et seq.)

57. The foregoing paragraphs 1 through 47 are incorporated by reference as if fully set forth herein.

58. By using the Infringing Mark without ASG's authorization, Defendants caused or are likely to cause confusion or misunderstanding as to the source,

sponsorship, or approval of the services Defendants provides or provided in association with the Infringing Mark and are therefore engaged in a deceptive trade practice in violation of O.C.G.A. § 10-1-370 *et seq*.

59. As a result of Defendants' conduct, ASG has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by ASG in the ADVANCED SPORTS GROUP mark.

60. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to ASG, and to its goodwill and reputation, and will continue to both damage ASG and confuse the public unless enjoined by this court. ASG has no adequate remedy at law.

## COUNT III
## Common Law Unfair Competition

61. The foregoing paragraphs 1 to 47 are incorporated by reference as if fully set forth herein.

62. By engaging in the acts described above, Defendants have created actual confusion and/or a likelihood of confusion about the source or sponsorship of their services. Their conduct has caused or is likely to cause customers to be confused as to whether ASG is the source of Defendants' services or confused in thinking that Defendants' services are otherwise affiliated with or sponsored by ASG.

63. By engaging in the acts described above, Defendants have attempted to encroach upon the business of ASG by using confusingly similar trademarks.

64. Defendants' use of a confusingly similar trademark and encroachment upon the business of ASG was intentional and with knowledge of ASG's rights.

65. ASG is suffering immediate and irreparable harm to its brand and goodwill as a result of Defendants' conduct. Any sales of Defendants' services under the Infringing Mark will also cause ASG monetary damages in addition to the irreparable harm to its brand and goodwill.

WHEREFORE, ASG respectfully requests that the Court:

(A) Enter a preliminary and permanent injunction that enjoins the Defendants, their officers, agents employees, attorneys, successors, affiliates, subsidiaries, and assigns, and all those persons in active concert or participation with them who receive notice of the injunction, from:

(1) Selling, marketing, advertising, promoting, or authorizing a third party to sell, market, advertise, or promote services relating to the construction, grading, installation, maintenance, or repair of artificial turf for athletic fields, complexes, or facilities, or other services the same or similar to those offered by ASG in association

with the Infringing Mark or any mark that is the same or confusingly similar to ASG's ADVANCED SPORTS GROUP mark;

(2) Engaging in any activity that infringes ASG's rights in its ADVANCED SPORTS GROUP mark;

(3) Engaging in any activity constituting unfair competition with ASG;

(4) Engaging in any activity in association with the Infringing Mark that constitutes a deceptive trade practice as defined by O.C.G.A. § 10-1-370 et seq.;

(5) Registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with ASG's ADVANCED SPORTS GROUP mark, or any other trademark owned by ASG;

(B) Require Defendants to account to ASG for any and all profits derived by Defendants from the sale of services and for all damages sustained by ASG by reason of said acts of infringement and unfair competition complained of herein;

(C) Award damages, including enhanced damages, resulting from Defendants' infringement and unfair competition;

(D) Order disgorgement of profits or other amounts received by Defendants as a result of their trademark infringement and unfair competition;

(E) Award costs and attorneys' fees pursuant to 15 U.S.C. § 1117 and O.C.G.A. § 10-1-370 et seq.; and

(F) Enter such further legal and equitable relief as the Court deems proper.

**JURY DEMAND**

ASG demands a trial by jury.

Respectfully submitted this 16th day of July, 2026.

MILLER & MARTIN PLLC

By: *Elizabeth J. Marquardt*
Elizabeth J. Marquardt
Georgia Bar No. 944547
Pharan A.S. Evans
Georgia Bar No. 446014

1180 West Peachtree Street NW; Suite 2100
Atlanta, Georgia 30309-3407
(404) 962-6100 (Telephone)
(404) 962-6300 (Facsimile)
elizabeth.marquardt@millermartin.com
pharan.evans@millermartin.com

*Attorneys for Advanced Sports Group, LLC*